### State v. American Legion 170
*[Cite as 2 AOA 479]*

Case No. 1818
Medina County, (9th)
Decided April 4, 1990

4th Amend. U.S. Const.

■■■

*Dean Holman, Prosecuting Attorney, John J. Dolatowski, Asst. Prosecuting Attorney, 135 S. Jefferson St., Medina, OH 44256 for Plaintiff.*

*Joseph Foreman, Attorney at Law, 121 College St., Wadsworth, OH 44281 for Defendant.*

CIRIGLIANO, J.

The appellant, State of Ohio, appeals from the trial court's decision granting the motion of American Legion Post 170 (Post) to suppress. We affirm.

#### Facts

A reliable, confidential informant told Detective Graff of the Wadsworth Police Department that the Post engaged in illegal gambling activities. On November 24, 1988,

Detective Graff followed up on the tip when he went to the rear of the Post to investigate the Post's trash dumpster for evidence of gambling.

As found by the trial court:

"This dumpster is pushed against the back of the Legion Post building, covered by an overhang, with brick buildings on both sides of the alcove. There is no parking available in the area of the dumpster, although the fourth side is a municipal parking lot. The dumpster was attached to the rear wall of the Legion Post building by a chain and locks which attached to the wall and the dumpster. Keys for the locks were held by Legion Post agents and Curtis Disposal."

On January 8, 1989, Detective Graff returned to the Post's dumpster. Graff testified that on November 24, 1988 there was a locked chain wrapped around the dumpster but on January 8, 1989, the chain was unlocked and lying across the top of the dumpster. To gain access to the dumpster's contents, Graff testified that he moved the chain.

Gerald Jackson, Post Commander, testified both on direct and cross-examination, that the Post locked the dumpster's two locks daily to prevent anyone, excluding the Post and Curtis Disposal, owners of the dumpster, from entering it.

Based on the contents of the trash seized on January 8, 1989, Detective Graff obtained a search warrant for the Post building. Upon execution of the warrant, more evidence of gambling was seized. Subsequently, the grand jury returned an indictment charging the Post with possession of criminal tools in violation of R.C. 2923.24(A), gambling in violation of R.C. 2915.02(A)(2) and (A)(5) and operating a gambling house in violation of R.C. 2915.03 (A)(2).

The trial court dismissed the charge alleging that the Post possessed criminal tools and granted the Post's motion to suppress all evidence seized by the state. The state assigns one error in its appeal from this decision.

#### ASSIGNMENT OF ERROR

"The trial court erred in granting the defendant's motion to suppress."

The state contends that the Post abandoned the trash and had no reasonable expectation of privacy in the trash. The Post argues that it maintained a reasonable expectation of privacy in the dumpster's contents and this expectation was evidenced by the locks and chain on the dumpster and by its secluded location.

We agree with the trial court that *State* v. *American Veterans Post No. 250* (1987), 37 Ohio App. 3d 108 provides us guidance for determining when a person's expectation of privacy is reasonable and whether the trash was abandoned. In the *American Veterans* case, we determined that the Amvets dumpster was in an enclosed parking lot approximately five feet from the building and twenty feet from the street. We determined that the location of the Amvets dumpster did not preclude the possibility of abandonment.

The trial court properly distinguished the facts in the *American Veterans* case from those before us. We defer to the trial court's findings of fact that the dumpster was chained to the wall of defendant's building and was enclosed on three (3) sides with a roof overhead. We likewise defer to the trial court's finding that the Post maintained a reasonable expectation of privacy in the dumpster and that there was no abandonment.

Accordingly, the trial court properly granted the Post's motion to suppress the illegally obtained evidence. We overrule the state's assignment of error and affirm the decision of the trial court.

*Judgment affirmed.*

QUILLIN, P. J., Concurs
BAIRD, J.
Dissents saying:

In spite of the testimony of Mr. Jackson, there is no evidence that the dumpster was locked on November 24, 1988 or January 8, 1989, and the trial judge made no factual finding to that effect. It is apparent that the purpose of the chains was to prevent the dumpster itself from being moved, rather than to prevent the contents from being removed. The only reason that parking was restricted in the area of the dumpster was to facilitate the emptying of the dumpster. In all other respects, these are the same facts as were encountered in *State* v. *American Veterans Post No. 250* (1987), 37 Ohio App. 3d 108, in which this court held that there would be no reasonable expectation of privacy. I believe that the result of that case was appropriate, and should be followed here.