The STATE of Ohio, Appellant,

v.

COOPER, Appellee.

[Cite as *State v. Cooper* (1989), 61 Ohio App.3d 344.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55817.

Decided March 6, 1989.

*John T. Corrigan,* prosecuting attorney, and *Melody A. White,* for appellant.

*Patricia M. Walsh,* for appellee.

---

*Per Curiam.*

Pursuant to R.C. 2945.67(A), the state of Ohio appeals the trial court's granting of a motion to suppress evidence.

For its single assignment of error, the state contends that the trial court erred in concluding that defendant-appellee Johnny Cooper's Fourth Amendment rights were violated when he was stopped by police officers who subsequently arrested him. We agree.

Supreme Court precedent clearly indicates that a police officer's interrogation relative to one's identity or request for identification is not a "seizure" within the meaning of the Fourth Amendment. *Florida v. Rodriguez* (1984), 469 U.S. 1, 5–6, 105 S.Ct. 308, 310–311, 83 L.Ed.2d 165, 170–171; *I.N.S. v. Delgado* (1984), 466 U.S. 210, 221–222, 104 S.Ct. 1758, 1765–1766, 80 L.Ed.2d 247, 258–259; *Florida v. Royer* (1983), 460 U.S. 491, 497–498, 103 S.Ct. 1319, 1323–1324, 75 L.Ed.2d 229, 235–237.

In *Florida v. Royer, supra,* a plurality of the court agreed that police may ask for and examine an individual's identification without violating that person's Fourth Amendment rights, as the person so approached need not answer any question and may continue on his way.

Similarly, in *Florida v. Rodriguez, supra,* a majority of the court held that police officer's stopping of an individual and asking him for identification is "clearly the sort of consensual encounter that implicates no Fourth Amendment interest."

The court reached a similar result in *I.N.S. v. Delgado, supra,* where it held that brief questioning of factory workers to determine the workers' citizenship was not a "seizure" of the workforce within the meaning of the Fourth Amendment. For the court observed that such questioning "could hardly

result in a reasonable fear that [the workers] were not free to continue working or to move about the factory." *Id.*

In applying the foregoing principles to the instant case, it is clear that Cooper was not under any compulsion to respond to Officer Chura's request for identification, and that Cooper was free to go until Chura discovered the outstanding warrant. We therefore conclude that a "consensual encounter" took place and that Cooper was not "seized" within the meaning of the Fourth Amendment when asked for identification by the officer.

The ruling of the trial court is reversed.

*Judgment reversed*
*and cause remanded.*

JOHN F. CORRIGAN, P.J., PRYATEL and WIEST, JJ., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, and MARK K. WIEST, J., of the Wayne County Court of Common Pleas, sitting by assignment.