The STATE of Ohio, Appellant,

v.

AVERY, Appellee.

[Cite as *State v. Avery* (1989), 65 Ohio App.3d 557.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57403.

Decided Dec. 11, 1989.

*John T. Corrigan,* Prosecuting Attorney, and *Jesslyn C. Wilson,* Assistant Prosecuting Attorney, for appellant.

*John Carlin,* for appellee.

*Per Curiam.*

On October 8, 1988, at approximately 3:30 p.m., three Cleveland police officers were investigating drug activity in the general area of Linwood Avenue, in the city of Cleveland, Ohio. As the police officers patrolled the area, they noticed several males standing on the corner. When the officers were detected by the men on the corner, defendant-appellee Kevin Avery ("appellee") started to walk away from another male in the police officers' direction. Upon noticing that the police officers were following him, appellee turned in the opposite direction and began to run.

While the police officers were chasing appellee, they shouted, "stop, police" several times. Eventually, appellee found himself pinned up against a fence, realizing that he was trapped by the police. Appellee reached into his coat pocket, grabbed something, and threw it over the fence. The police officers then detained the appellee while they searched for the item thrown over the fence. Soon after, a resident in the vicinity found a loaded gun and gave it to the police officers. Appellee was arrested for carrying a concealed weapon.

On March 3, 1988, a suppression hearing was held in connection with appellee's trial for carrying a concealed weapon under R.C. 2923.12. At the conclusion of the evidence and after deliberation, the trial court judge suppressed the admittance of the gun. Thus, the state's case was unable to proceed to trial.

The state filed a timely notice of appeal and subsequently raised the following assignment of error:

"The trial court erred by finding that there had been a violation of the defendant's Fourth and Fourteenth Amendment rights under the U.S. Constitution and suppressing the evidence."

The primary issue in this case is whether the police officers' investigatory pursuit constituted a seizure implicating Fourth Amendment protections and, if so, whether there was sufficient evidence to constitute reasonable suspicion justifying that seizure. See *Michigan v. Chesternut* (1988), 486 U.S. 567, 108 S.Ct. 1975, 100 L.Ed.2d 565.

Only when an officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a seizure has occurred. *Terry v. Ohio* (1968), 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889, 904. A person has been seized within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall* (1980), 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497, 509.

We conclude that the police officers' conduct in this case amounted to a seizure, for it would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business. *Chesternut, supra,* 486 U.S. at 569, 108 S.Ct. at 1977, 100 L.Ed.2d at 569.

If the police officers' detention of the appellee was justified by a sufficiently strong suspicion of criminal activity, then the temporary detention was lawful, and the subsequent arrest, based on probable cause ascertained after the retrieval of the loaded gun during the detention, was valid. *Terry, supra,* 392 U.S. at 21, 88 S.Ct. at 1879, 20 L.Ed.2d at 905; *State v. McFarland* (1982), 4 Ohio App.3d 158, 160, 4 OBR 252, 253, 446 N.E.2d 1168, 1171.

In this case, it is readily apparent that the police officers had a sufficient suspicion of criminal activity to detain the appellee. Based on the totality of these circumstances, there were sufficient facts to prompt the police officers to check out the situation and warrant a search of the appellee. Moreover, a defendant has no standing under the Fourth Amendment to object to a search and seizure of property that has been voluntarily aban-

doned. *Abel v. United States* (1960), 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668; *State v. Brown* (1984), 20 Ohio App.3d 36, 20 OBR 38, 484 N.E.2d 215. Thus, the appellee had no right to challenge the police officers' seizure of the loaded gun.

Therefore, the trial court erred in granting the motion to suppress the evidence.

The state's assignment of error is well taken.

Accordingly, the trial court decision is reversed and the cause is remanded for proceedings pursuant to this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN V. CORRIGAN, NAHRA and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.