The STATE of Ohio, Appellee,

v.

TOWNSEND, Appellant.

[Cite as *State v. Townsend* (1991), 77 Ohio App.3d 651.]

Court of Appeals of Ohio,
Lake County.

No. 90–L–15–132.

Decided Oct. 10, 1991.

*Steven C. LaTourette,* Lake County Prosecuting Attorney, and *Jeffrey W. Fram,* Assistant Prosecuting Attorney, for appellee.

*R. Paul LaPlante,* Lake County Public Defender, and *Susan Grossman,* Assistant Public Defender, for appellant.

JOSEPH E. MAHONEY, Judge.

This is an accelerated calendar case.

On November 25, 1989, appellant, Michael R. Townsend, was a passenger in a vehicle that was stopped for a traffic violation in a parking lot in Willoughby Hills, Ohio. The police officer determined that the driver of the vehicle did not have a valid driver's license. The officer then questioned appellant regarding his identity and the status of his driver's license. The purpose of the questioning was to determine if appellant would be able to drive the vehicle or if the vehicle would have to be towed.

In response to the police officer's questions, appellant stated that his name was Steven Richardson, but he was unable to spell his last name. He initially did not know his middle name or his birth date but later supplied a birth date for the officer. The police officer attempted to run the information offered by appellant through the police computer, but no person with that name existed. At that time, the police officer requested the dispatcher to send another officer to the scene.

When the second officer arrived, he requested appellant to exit the vehicle. The officer's stated intention was to take appellant to a telephone so that appellant could make arrangements for someone to pick him up. Upon appellant's exiting the vehicle, the police officer conducted a pat-down search of appellant because he was going to be transported in the police cruiser. During the pat-down search, the officer felt a hard rectangular-shaped object in the pocket of the overcoat that appellant was wearing. The officer removed the object from the pocket and discovered that it was a nine-millimeter fully loaded magazine clip.

The officer then noticed through the open door on the passenger side of the vehicle what appeared to be the handle of a gun protruding from under the

front passenger seat. Upon closer examination, the officer found a nine-millimeter semi-automatic pistol, two nine-millimeter magazines, and a .25 caliber handgun.

The driver of the vehicle was then searched and found to have one nine-millimeter bullet and three .25 caliber bullets in his pockets.

On February 16, 1990, appellant was indicted by the Lake County Grand Jury on one count of carrying a concealed weapon in violation of R.C. 2923.12. Appellant filed a motion to suppress evidence, and a hearing was held on said motion in the trial court on August 2, 1990. Following the hearing, the trial court denied appellant's motion.

On August 6, 1990, a jury trial was held; appellant was found guilty on the concealed weapon charge and sentenced to a one-year prison term. Appellant timely filed a notice of appeal. Appellant also filed a motion to stay execution of sentence pending appeal, but said motion was overruled.

Appellant assigns the following as error:

"1. The trial court erred to the prejudice of appellant in overruling his motion to suppress evidence in violation of his Fourth Amendment rights under the United States Constitution and Article I, Section IV of the Ohio State Constitution.

"2. The trial court erred to the prejudice of appellant by allowing his conviction of carrying a concealed weapon to stand even though it is against the manifest weight of the evidence."

In the first assignment of error, appellant contends that the trial court erred in overruling his motion to suppress evidence. Specifically, appellant asserts that the police officer had no cause to conduct the pat-down search which revealed the nine-millimeter magazine clip. Appellant argues that if the clip had not been discovered, the police officer would not have searched the vehicle and would not have found the weapons which resulted in the charge against appellant of carrying a concealed weapon.

The starting point for any analysis of a Fourth Amendment search and seizure issue is *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. In that case, the United States Supreme Court held that all searches and seizures must be reasonable. The court stated:

" * * * [T]here must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be

warranted in the belief that his safety or that of others was in danger. * * * And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." (Citations omitted.) *Id.* at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909.

The detaining officer must have a reasonable suspicion based on objective facts that the individual is involved in criminal activity. *Brown v. Texas* (1979), 443 U.S. 47, 51, 99 S.Ct. 2637, 2641, 61 L.Ed.2d 357, 362.

In the instant cause, the detaining officer had no reason to suspect appellant was involved in criminal activity. Appellant was not driving the vehicle, so it was not necessary for him to produce a valid driver's license. The only possible fact that would warrant a belief that the officer's safety was in danger was appellant's inability to provide the officer with correct information about his name, birth date, or Social Security number.

The detaining officer testified, however, that appellant was searched as a safety precaution to make sure that he was not carrying any weapons before being placed in the police cruiser for purposes of being transported to a telephone. He testified that appellant was not searched on the basis of particular objective facts that would lead a police officer to fear for his own safety but, rather, as a matter of routine department procedure.

Appellant was not told that he had the option of not riding in the police cruiser but merely walking on his own to the nearest pay telephone. The fact that he did not object to the search did not constitute a waiver of his rights. Appellant was ordered out of the vehicle and immediately searched. Moreover, it is undisputed that there was a cellular telephone in the front seat of the car in which appellant was a passenger, which eliminated the need for the policeman to transport appellant to a telephone in order to place a call.

Appellee cites *Pennsylvania v. Mimms* (1977), 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331, to support its argument that the search was proper. In *Mimms,* however, the court held that a police officer was justified in conducting a pat-down search of a motorist who had been stopped for a traffic violation when the officer observed a bulge under the motorist's jacket that appeared suspicious in nature, even though the officer had no reason to suspect foul play at the time of the stop. *Mimms* is distinguishable from the case *sub judice* wherein appellant was not the driver of the vehicle and, thus, had not been stopped for a traffic violation. Additionally, the detaining officer did not observe any type of bulge in appellant's jacket that would have aroused his suspicion. In short, there was no reason for the detaining officer to be apprehensive about his own safety.

Appellee also relies on the Ohio case of *State v. Moncrief* (1980), 69 Ohio App.2d 51, 23 O.O.3d 61, 431 N.E.2d 336. In *Moncrief,* the defendant was a passenger in a vehicle carrying three occupants which went through a red light. The vehicle was stopped by two police officers in a cruiser. It was approximately 4:30 a.m. and the offense occurred in a high crime area of Cleveland. The driver was unable to produce a driver's license when requested to do so. The police officers, with their guns drawn, had the three occupants step out of the vehicle, whereupon they were searched for weapons. As a result of the frisk, a twelve-gauge shotgun shell was found in the defendant's possession. One of the officers proceeded to search the vehicle for weapons and found a loaded twelve-gauge shotgun under the front seat.

The Court of Appeals for Cuyahoga County held that the search and seizure were legal under the authority of *Terry v. Ohio, supra.* The court stated:

"A limited frisk of a person who has been legally stopped is permissible where a police officer reasonably fears for his safety. * * * The hour of the night and the high crime nature of an area amount to considerable justification for conducting a limited weapons search. * * * Additionally, the officers were outnumbered and the driver of the automobile did not produce his driver's license when requested to do so." (Citations omitted.) *Moncrief, supra,* 69 Ohio App.2d at 58, 23 O.O.3d at 66, 431 N.E.2d at 341–342.

Despite appellee's assertion that *Moncrief* is "remarkably similar" to the facts in the present case, it is clear that *Moncrief* is not at all similar. In the case *sub judice,* the incident occurred in broad daylight at approximately 11:00 a.m. The vehicle in which appellant was a passenger was stopped in the parking lot of a suburban department store. There was no evidence presented that established the area as a high crime area, and it is unlikely that such was the case. Additionally, the police officers were not outnumbered as the officers were in the *Moncrief* case.

No court has gone as far as the trial court did in this case when it condoned the police officer's actions with respect to frisking appellant. The trial court stated, in part:

"Now, government has a right, the police have a right not to allow people who cannot give an account for themselves under circumstances of this nature, to be wandering about the city and it is certainly permissible to control their activities until their identity is established or they leave the city."

While it has been held that the mere approaching of an individual on the street and asking that person to identify himself does not violate the Fourth Amendment, the language in the trial court's statement is overstated and could easily be misconstrued as to the extent of a police officer's right to make inquiries of individuals on the streets. See *State v. Johnson* (1986), 34

Ohio App.3d 94, 96, 517 N.E.2d 262, 263–264; *State v. Smith* (1989), 45 Ohio St.3d 255, 257, 544 N.E.2d 239, 241. Thus, the manner in which the trial court's statement is phrased lends itself to confusion regarding what constitutes and distinguishes a mere police/citizen encounter from a seizure of a person within the meaning of the Fourth Amendment.

For the foregoing reasons, the trial court erred in overruling appellant's motion to suppress. Appellant's first assignment of error is sustained.

■ In the second assignment of error, appellant claims that his conviction for carrying a concealed weapon was against the manifest weight of the evidence.

Ohio courts have held that if sufficient evidence exists to support a jury's verdict, then the judgment may not be reversed on appeal. The Ohio Supreme Court has stated:

"A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus.

"In reviewing a claim that a jury verdict was against the weight of the evidence, or that the evidence was insufficient, a reviewing court's duty is to review the record to determine whether there was sufficient evidence for the jury to find defendant guilty beyond a reasonable doubt." *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, paragraph four of the syllabus.

Additionally, the Ohio Supreme Court has held, with respect to the credibility of witnesses:

"On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

■ In the present case, appellant claims that the vehicle in which he was a passenger did not belong to him; that he did not own the weapons in question; that his fingerprints were not found on the weapons; and that the police observed no actions on his part that indicated any attempt to hide the weapons. Additionally, the clip found in appellant's pocket did not fit the nine-millimeter gun found in the vehicle.

Pursuant to R.C. 2923.12(A):

"No person shall knowingly carry or have, concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance."

Nowhere in the statute does it require that the suspect actually own the vehicle or the weapon. Nor is it necessary that the suspect's fingerprints be found on the weapon or that the suspect try to hide the weapon from the police. As the Court of Appeals for Cuyahoga County held in *State v. Lowry* (Aug. 9, 1990), Cuyahoga App. No. 59182, unreported, 1990 WL 115377:

"Access to a weapon not ownership is determinative of guilt. *State v. Lane, et al.* (December 3, 1981), Cuyahoga Cty.App. No. 43523, unreported [1981 WL 4667]."

The evidence in the case *sub judice* clearly established that appellant had a nine-millimeter loaded magazine clip in his pocket. The police officer then discovered a nine-millimeter semiautomatic pistol, two nine-millimeter magazines, and a .25 caliber handgun under the passenger seat where appellant had been sitting. This constituted sufficient evidence upon which to convict appellant of carrying a concealed weapon.

Appellant's second assignment of error is without merit; however, since the trial court erred with respect to appellant's motion to suppress, the issue raised in the second assignment of error is moot.

For the foregoing reasons, the decision of the trial court is hereby reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Costs are to be assessed against appellee.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and CHRISTLEY, J., concur.