# CITY OF BOWLING GREEN

v.

## BARBER.

Bowling Green Municipal Court.

Nos. 94–CR–B–01084 and 93–CR–B–01470.

Decided Sept. 28, 1994.

*Mark Tolles,* City Prosecutor, for plaintiff.

*William V. Stephenson,* Wood County Public Defender, for defendant Jacob Barber.

JAMES W. BACHMAN, Judge.

The reliable information developed by the two officers in the present case is that two males and a female were driving a car on the city street, exited the vehicle, and walked down the sidewalk, at about 3:15 a.m. on July 31, 1994, in the city of Bowling Green, Ohio.

Shortly thereafter, while Officer Biller was driving his cruiser through the Taco Bell lot, he saw the two males across the street in the Otley Shell gas station. They looked at him and ran off. Then, he saw the female and talked to her. He smelled a strong odor of alcoholic beverage about her person. She said that she was seventeen years old and that she owned the aforementioned car. Because he determined that she had been illegally consuming alcohol as an underage person, he decided to call her parents.

In the meantime, Officer David quickly found one of the males (defendant Barber) crouched behind a trash dumpster outside the building of the gas station, which was closed for business.

Within moments, Officer Biller arrived and asked the defendant for identification. He had none, but told the officer his name, date of birth, and Social Security number—including the fact that he was under the age of twenty-one. The officer observed signs of high intoxication (strong odor of alcoholic beverage, bloodshot eyes, slurred speech, nervousness, and disorientation).

Because the defendant was under the legal age to consume alcohol, the officer issued him a citation for underage consumption.

### Conclusions of Law

■ First, there is no credible evidence that the defendant was detained by officers. Instead, he merely was approached by them and agreed to talk with them. The whole event—from Officer David's approach to Officer Biller's question—took less than a minute. This was a "consensual encounter." It was not a Fourth Amendment "seizure." See the United States Supreme Court decisions of *United States v. Mendenhall* (1980), 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497; *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889;

*California v. Hodari D.* (1991), 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690; *Florida v. Royer* (1983), 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229; *Florida v. Rodriguez* (1984), 469 U.S. 1, 105 S.Ct. 308, 83 L.Ed.2d 165; *Immigration & Naturalization Serv. v. Delgado* (1984), 466 U.S. 210, 216, 104 S.Ct. 1758, 1762–1763, 80 L.Ed.2d 247, 255; *Florida v. Bostick* (1991), 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389. See, also, the Ohio Supreme Court decision of *State v. Smith* (1989), 45 Ohio St.3d 255, 544 N.E.2d 239, reversed for other reasons in *Smith v. Ohio* (1990), 494 U.S. 541, 110 S.Ct. 1288, 108 L.Ed.2d 464 upon remand (1990), 51 Ohio St.3d 701, 554 N.E.2d 898.

See Ohio appellate court decisions of *State v. Cooper* (1989), 61 Ohio App.3d 344, 572 N.E.2d 790; *State v. Johnson* (1986), 34 Ohio App.3d 94, 517 N.E.2d 262; *State v. McDaniel* (1993), 91 Ohio App.3d 189, 631 N.E.2d 1140; *Warrensville Hts. v. Mollick* (1992), 79 Ohio App.3d 494, 607 N.E.2d 861; *State v. Daniel* (1992), 81 Ohio App.3d 325, 610 N.E.2d 1099; *State v. Morris* (1988), 48 Ohio App.3d 137, 548 N.E.2d 969; *State v. Avery* (1989), 65 Ohio App.3d 557, 584 N.E.2d 1251; *State v. Williams* (1990), 51 Ohio St.3d 58, 554 N.E.2d 108; *State v. Chism* (1993), 92 Ohio App.3d 317, 635 N.E.2d 54; *State v. Johnston* (1993), 85 Ohio App.3d 475, 620 N.E.2d 128; *State v. Jones* (1990), 70 Ohio App.3d 554, 591 N.E.2d 810.

■ Second and alternatively, if the defendant was detained by the officers—thus, a Fourth Amendment "seizure"—the officers had a reasonable articulable basis for doing so, under the *Terry* doctrine. They reasonably suspected that he had committed offenses, both as a principal offender and as an aider and abetter.

As to the defendant's conduct related to the seventeen-year-old intoxicated girl, the suspected offense would have been any of the following: aiding and abetting a minor in the consumption of alcohol (R.C. 2923.03[A][2] and 4301.63[2] ), furnishing alcohol to a minor (R.C. 4301.69[A] ), or contributing to the delinquency of a minor (R.C. 2919.24).

As to the defendant's conduct unrelated to the girl, the suspected offense—as he crouched, hiding behind the dumpster, at 4:00 a.m., on private property of a business closed for the night, and while obviously intoxicated, and after having just run away after seeing the police—would be any of the following: consumption of alcohol underage (R.C. 4301.63[2] ), criminal trespass (R.C. 2911.21), breaking and entering (R.C. 2911.13), or disorderly conduct (R.C. 2917.11).

The defendant's motion to suppress is not well taken, and the court overrules it.

*Motion denied.*