OPINION
On September 18, 1998, the Holmes County Grand Jury indicted appellant, Bryan E. Bachtel, on one count of carrying a concealed weapon in violation of R.C. § 2923.12 and one count of possession of a weapon while under disability in violation of R.C. § 2923.13 (A)(3).
On November 9, 1998, the State entered a nolle prosequi on the count of possession of a weapon while under disability.
A jury trial commenced on the remaining count of carrying a concealed weapon on April 28, 1999. On April 29, 1999, the jury found appellant guilty as charged. By judgment entry filed June 15, 1999, the trial court sentenced appellant to pay a fine of $1,000.00 plus court costs and sentenced him to serve forty-five (45) days incarceration in the Holmes County Jail.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY ALLOWING THE JURY TO CONSIDER EVIDENCE PRESENTED BY THE STATE WHICH ATTEMPTED TO ESTABLISH THAT APPELLANT CARRIED A CONCEALED WEAPON THROUGHOUT THE NIGHT, RATHER THAN LIMITING THEIR CONSIDERATION TO THE POINT IN TIME WHERE APPELLANT WAS FOUND AND ACTUALLY OBSERVED BY DEPUTY FRY ALLEGEDLY VIOLATION [SIC] R.C. 2923.12
 II THE JURY'S VERDICT THAT APPELLANT WAS GUILTY OF VIOLATING R.C. 2923.12, CARRYING A CONCEALED WEAPON, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY REFUSING TO INSTRUCT THE JURY AS TO THE AFFIRMATIVE DEFENSE CONTAINED IN R.C. 2923.12(C)(4) AND R.C. 2923.16(C)(4).
 IV THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY ALLOWING THE PROSECUTING ATTORNEY TO INQUIRE AS TO APPELLANT'S PRIOR MISDEMEANOR CRIMINAL RECORD.
 I.
Appellant claims the trial court committed prejudicial error by allowing the jury to consider evidence presented by the state that appellant carried a concealed weapon throughout the night, rather than limiting their consideration to the point in time where appellant was found and actually observed by Deputy Fry allegedly violating R.C. §2923.12. We disagree.
Appellant cites no authority to support his assertion that the jury was limited in its consideration for purposes of determining whether appellant was carrying a concealed weapon to the point in time when the deputies observed the appellant.
The indictment in this case reads appellant was carrying a concealed weapon "on or about August 2, 1997, in Holmes County, Ohio". No Bill of Particulars was requested or filed in this case. The court finds that the jury was therefore permitted to consider any and all evidence with regard to the events which occurred "on or about August 2, 1997, in Holmes County, Ohio".
The Court must therefore determine whether sufficient evidence exists in the record for the jury to have convicted the appellant of carrying a concealed weapon on such date and in such place.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. The weight to be given evidence and the determination of credibility of witnesses are issues for the jury, not for the reviewing court. State v. Jamison
(1990), 49 Ohio St.3d 182, cert. denied, 498 U.S. 881. The State need not prove that appellant owned the gun. State v. Townsend (1991),77 Ohio App.3d 651, 657.
Appellant was convicted of carrying a concealed weapon in violation of R.C. 2923.12 which states "[n]o person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance."
The thrust of Appellant's argument is that there was insufficient evidence to establish the weapon was actually concealed at the point in time when the deputy observed the appellant in the back seat of the automobile.
The trier of fact has the principle responsibility for determining the credibility of the witnesses and the relative weight attributable to their testimony. State v. Jamison (1990), 40 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
At trial, Deputy Fry testified that he observed movement by the Defendant in the backseat of the vehicle and saw what appeared to be a gun. (T. at 104). Deputy Miller testified that he discovered the firearm hidden halfway under a dress on the back seat next to where appellant had been seated in the vehicle. (T. 137-138). Ammunition for the weapon was found on the floor of the vehicle (T. at 138) as well as in appellant's shorts' pocket. (T. at 140). We conclude that the jury could find from this testimony that appellant was guilty of carrying a concealed weapon.
The jury was also presented evidence at trial that appellant had the firearm concealed on his person at the time he arrived at the home of Susie Salisbury. (T. at 35-45). Additional evidence was also presented that appellant had the firearm concealed on his person during the time he was in the automobile on the way to and from the Shell Station in Millersburg. (T. at 35-45).
Testimony by both Susie Salisbury and Marci Miller that they did not observe the firearm on the appellant is sufficient to demonstrate that the weapon was not observable to them by ordinary observation while it was on appellant's person.We conclude that the jury could find from that testimony that appellant was guilty of carrying a concealed weapon.
Upon review, we find sufficient, credible evidence to support appellant's conviction and no manifest miscarriage of justice. Appellants first assignment of error is denied.
 II.
In his second assignment of error, appellant claims that the jury's verdict was against the manifest weight of the evidence. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The discretionary power to grant a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
Based upon the facts noted supra, and the entire record, we do not find the jury's verdict was against the manifest weight of the evidence. The jury was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. There was sufficient, competent circumstantial evidence to support the jury's finding appellant was carrying a concealed weapon.
Appellant's second assignment of error is overruled.
 III.
Appellant claims the trial court committed error prejudicial to appellant by refusing to instruct the jury as to the affirmative defense contained in R.C. 2923.12(C)(4) and R.C. 2923.16(C)(4). We disagree.
Revised Code § 2923.12(C)(4) provides:
 (C) It is an affirmative defense to a charge under this section of carrying or having control of a weapon other than dangerous ordnance, that the actor was not otherwise prohibited by law from having the weapon, and that any of the following apply:
* * *
 (4) The weapon was being transported in a motor vehicle for any lawful purpose, and was not on the actor's person, and, if the weapon was a firearm, was carried in compliance with the applicable requirements of division (C) of section 2923.16 of the Revised Code.
Revised Code § 2923.16(C) provides:
 (C) No person shall knowingly transport or have a firearm in a motor vehicle, unless it is unloaded and is carried in one of the following ways:
* * *
 (4) In plain sight with the action open or the weapon stripped, or, if the firearm is of a type on which the action will not stay open or which cannot easily be stripped, in plain sight.
The proper standard for determining in a criminal case whether a defendant has successfully raised an affirmative defense is to inquire whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable men concerning existence of such issue. State v. Melchior (1978),56 Ohio St.2d 15.
Upon reviewing of the record in this matter, the court finds no evidence that the action on the weapon was open or that such weapon was stripped to support an instruction on this affirmative defense.
Appellant's third assignment of error is overruled.
 IV.
Appellant claims that the trial court committed error prejudicial to appellant by allowing the prosecuting attorney to inquire as to appellant's prior misdemeanor criminal record. We disagree.
Upon direct examination, defense counsel asked appellant:
Mr. Vogel: Are you a convicted felon?
Appellant: No, sir. I have a clean record.
Mr. Vogel: Have you ever been arrested before?
 Appellant: A couple of time for traffic violations. Driving under suspension. It's tough to get to work without it, without transportation.
(T. at 191).
On cross-examination, the prosecution, knowing that appellant had been previously arrested for more than just traffic violations, inquired as follows:
 Mr. Knowling: Mr. Bachtel, I believe that last thing you told this jury before we broke is that you have a clean record?
Appellant: Yes.
Mr. Knowling: That wasn't the truth, was it?
Appellant: To my knowledge it is.
 Mr. Knowling: Mr. Bachtel, were you not convicted of Possession of Drug Paraphernalia —
Mr. Vogel: Object.
Mr. Knowling: in the Summit County Court of Common Pleas?
The Court: Overruled.
(T. at 192).
The court finds that, while evidence of prior midemeanor arrests and/or convictions would not have been otherwise admissible under Evidence Rule 609, defense counsel opened the door to this line of questioning when he asked appellant "[h]ave you ever been arrested before?". Appellant's testimony that he had a "clean record" put his criminal record at issue. No application of justice permits a defendant to intentionally lead a trial court astray and profit from the misdirection that the defendant himself created." State v. Jennings (November 24, 1982), Ashland App. No. CA-770, unreported, 1982 WL 5564.
Furthermore, the trial court instructed the jury that said evidence could be considered for the sole "purpose of testing the defendant's believability and the weight to be given the defendant's testimony." (T. at 240-241).
Appellant's fourth assignment of error is denied.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio is affirmed.
Boggins, J. Edwards, P.J. and Hoffman, J.