ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
The State of Ohio appeals from the order of the trial court which suppressed the evidence gathered in connection with the arrest of defendant Jerome Fields. For the reasons set forth below, we affirm.
On April 5, 2000, defendant was indicted for one count of possession of drugs in the amount of five grams or less. Defendant pleaded not guilty and moved to suppress the evidence, asserting that he was subjected to an unconstitutional search.
The trial court held a hearing on the motion on August 24, 2000. The evidence demonstrated that at approximately 4:20 a.m., on January 4, 2000, Cleveland Police Officer Brian Kazimer and his partner observed defendant riding a bicycle on the sidewalk of a business district. The officers stopped defendant in order to issue him a citation and requested identification from him. Defendant did not have identification and the officers conducted a pat down search. Officer Kazimer testified that defendant was patted down for safety and because one may be arrested for not having identification. Officer Kazimer admitted, however, that defendant was cooperative and the officer did not list any circumstances of the encounter which caused him to believe that defendant was armed and dangerous. The pat down revealed that defendant was carrying a crack pipe.
The trial court granted defendant's motion to suppress. The State of Ohio now appeals and assigns the following error for our review:
 THE TRIAL COURT ERRED IN SUPPRESSING THE EVIDENCE WHERE THE STOP AND FRISK WAS SUPPORTED BY EVIDENCE THAT THE DEFENDANT VIOLATED A CITY ORDINANCE, DID NOT POSSESS ANY IDENTIFICATION, AND THE OFFICERS HAD TO DETAIN THE DEFENDANT TO ASCERTAIN HIS IDENTITY.
Within this assignment of error, the state asserts that the trial court erred in suppressing the evidence because the evidence was derived from a lawful search.
The Fourth Amendment to the United States Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but on probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
These protections are applicable to the states via theFourteenth Amendment, Mapp v. Ohio (1961), 367 U.S. 643, 650, 81 S.Ct. 1684,6 L.Ed.2d 1081; Ker v. California (1963), 374 U.S. 23, 30, 83 S.Ct. 1623,10 L.Ed.2d 726, and by Section 14, Article I, of the Ohio Constitution which is virtually identical to the Fourth Amendment. See State v. Pierce (1998), 125 Ohio App.3d 592, 596, 709 N.E.2d 203. Further, "[i]t is a cardinal principle that `searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment-subject to only a few specifically established and well-delineated exceptions.'" State v. White (1996), 110 Ohio App.3d 347, 352, 674 N.E.2d 405, citing Mincey v. Arizona (1978), 437 U.S. 385, 57 L.Ed.2d 290, 98 S.Ct. 2408. If the evidence is obtained in violation of the Fourth Amendment, the evidence must be excluded. Mapp v. Ohio, supra.
In Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court held that a police officer may make a brief, warrantless, investigatory stop of an individual, without probable cause, where the police officer reasonably suspects that the individual is or has been involved in criminal activity and is dangerous. The Supreme Court stated:
 * * * We merely hold today that where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experiences that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.
Id., 392 U.S. at 30, 88 S.Ct. at 1884-1885. "[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Id., at 27.
In Sibron v. New York (1968), 392 U.S. 40, a companion case to Terry v. Ohio, the Supreme Court also stated:
 "The police officer is not entitled to seize and search every person . . . of whom he makes inquiries. Before he places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so. In the case of the self-protective search for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous."
Sibron v. New York, supra, at 64.
The state asserts that the instant stop and search were proper pursuant to State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489. In State v. Bobo, supra, paragraph one of the syllabus, the Supreme Court noted that the propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances. Citing State v. Freeman (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044, paragraph one of the syllabus. The Bobo Court concluded that the totality of the following circumstances supported a finding of reasonable suspicion: the reputation of the area for criminal activity, the officer's experience with drug transactions, the officer's familiarity with the area and how drug transactions occurred there, the officer's perception of the scene, the officer's observation of furtive movements, and the fact that it was night.
We further note that the police have the right to ask members of the public for identification, State v. Cooper (1989), 61 Ohio App.3d 344,345. Nonetheless, there is no indication that the failure to provide identification will justify the Terry search where it has not been shown that the officer is in reasonable fear for his own or others' safety. See Adams v. Metiva (31 F.3d 375 (C.A.6 1994); State v. Richardson (Dec. 7, 1999), Franklin App. No. 98AP-1500, unreported.
In this instance, nothing was presented during the suppression hearing to show that Officer Kazimer had reason to believe that defendant was armed and dangerous. For example, defendant was cooperative and no evidence was presented to show that Officer Kazimer had reason to believe that this defendant was carrying a weapon. We therefore agree with the trial court that the foregoing facts do not support a reasonable suspicion of criminal activity and the investigatory stop of defendant was proper. Accordingly, the state's sole assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________ ANN DYKE, J.:
DIANE KARPINSKI, A.J., CONCURS. FRANK D. CELEBREZZE, JR., J., DISSENTS (SEE ATTACHED DISSENTING OPINION)