{¶ 19} I respectfully dissent. I would affirm the trial court's denial of the motion to suppress, agreeing with the court that the instant case presents a classic pat-down for safety in light of Smith's reaching for his pocket during the three-minute period his "status" was being checked.
 {¶ 20} The cases cited by the majority are easily distinguishable on their facts. None presented the police with furtive movements such as reaching for one's pocket. Moreover, the officer in Bermundez
articulated no facts to warrant the initial intrusion of approaching Bermundez who was merely standing on a street corner *Page 9 
talking with an intoxicated man. Therefore, we affirmed the trial court's granting the motion to suppress.
 {¶ 21} In the instant case, police articulated facts to justify the initial intrusion as it pertained to Smith. As the police were investigating a complaint about an unauthorized occupant in a specific CMHA apartment, Smith approached the doorway of the unit, and promptly turned around when he saw the police. Officer Ali found that act to be suspicious, so he asked for Smith's identification and ran a routine warrant check. During this three-minute process, Smith repeatedly reached for his pocket despite the officer's advising him to stop his "fidgeting."
 {¶ 22} This court affirmed denial of a motion to suppress in a similar case involving the "King-Kennedy projects," another CMHA building. The Cleveland police were investigating suspected drug activity in a hallway when defendant McDaniel was observed loitering in the particular hallway. In State v. McDaniel (1993), 91 Ohio App.3d 189, we found that the police conduct in approaching the defendant and asking him if he had drugs or weapons did not constitute a seizure. McDaniel was "free to decline the officers' requests or otherwise terminate the encounter," citing Florida v. Bostick (1991), 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389.
 {¶ 23} Similarly, we affirmed the denial of a motion to suppress inState v. Johnson (1986), 34 Ohio App.3d 94, in which the defendant's hiding behind a tree drew the officers' attention. The officers approached Johnson and asked his name. *Page 10 
A routine warrant check revealed an active warrant. At that point, police seized Johnson and arrested him. In the alternative, we stated that even assuming the initial contact constituted a seizure, the police were justified in making the stop. Id. at 96. We analyzed the facts pursuant to the standard set in State v. McFarland (1982),4 Ohio App.3d 158, 446 N.E.2d 1168, and found the intrusion into defendant's freedom to be slight, the police articulated a reasonable suspicion to justify the intrusion, and the officers who were located in a high crime area, observed defendant hiding behind a tree to avoid them. Id. at 97. Although these facts did not rise to the level of probable cause, they constituted sufficient facts to permit an officer to "simply ask the defendant his name." Id.
 {¶ 24} The instant case presents a slight intrusion into Smith's freedom and no prolonged detention as Smith argued on appeal. The officers articulated a reasonable suspicion to justify the initial intrusion. These facts permitted the officers to verify Smith's identity and run a routine warrant check. His constant reaching for his pocket during this three-minute period justified a pat-down for officer safety. Therefore, I would affirm the trial court's denial of the motion to suppress. *Page 1