THE STATE OF OHIO, APPELLEE, *v.*
BROWN, APPELLANT.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *William E. Breyer,* for appellee.

*Philip E. Pitzer,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County, Ohio.

The appeal in the case *sub judice* is taken from the judgment entered and sentence imposed pursuant to the finding of guilt that followed from the acceptance of a plea of no contest to a charge of trafficking in drugs under R.C. 2925.03(A)(6). In the only assignment of error given to us for review, we are called upon to determine whether police officers were justified in examining without a warrant the contents of a plastic garbage bag that had been placed at the curb in front of an apartment building, and whether the evidence discovered as a result of that search provided probable cause for the issuance of a warrant to search a particular apartment within the building.

The plea of no contest that led to the conviction in the court below was prompted by the denial of a motion to suppress from evidence quantities of various controlled substances and drug paraphernalia ultimately discovered in the second-floor apartment Brown occupied at 1435 Main Street in Cincinnati, Ohio. According to the record, the evidence presented at the hearing on the motion was, in all material respects, undisputed. In the late evening hours of January 24, 1983, officers from several law enforcement agencies were in the process of investigating what they believed to be instances of drug trafficking in the apartment building where Brown resided.[1] As part of their efforts, they obtained a garbage truck from the

(No. C-830858—Decided
August 1, 1984.)

------

[1] The target of the investigation initially was not Brown, but one of his neighbors in the building.

city's waste collection department, and posing as employees of the department, they picked up bags of garbage that had been deposited for collection on the sidewalk in front of the building in the hope that the bags would contain evidence to confirm their suspicions.

The garbage was removed to a city garage, where the officers proceeded to rummage through the contents of the various bags. Eventually, the officers found a number of marijuana seeds, partially-smoked marijuana cigarettes and clear plastic bags containing marijuana residue in a sealed garbage bag that also held discarded mail and other personal papers bearing Brown's name. At the suppression hearing, Brown admitted on cross-examination that he had placed the trash in a bag at the curb, that he "didn't want it anymore," and that he intended for it to be picked up and taken away by the waste collection department.

After a field test confirmed to one of the officers that the substance found in the bag was, in fact, marijuana, the investigative team requested and was given a warrant to search Brown's apartment by a judge of the Hamilton County Municipal Court. The affidavit accompanying the application for the warrant recited all the relevant developments in the investigation at that point in time, including the discovery of the marijuana in the garbage bag. It was in the course of the warrant's execution that the officers seized the various items that Brown sought unsuccessfully to suppress in the court below.

The assignment of error now submitted to us by Brown addresses the denial of his motion to suppress. He offers two related theories in support of his argument that the motion should have been granted, one of which is that the initial warrantless search of the plastic garbage bag taken from the curb in front of his apartment building infringed upon a reasonable expectation of privacy in violation of the Fourth Amendment.

We cannot agree with this prong of the argument because it is our view under the circumstances that Brown had no standing to object to the initial search on constitutional grounds, and that he had no reasonable expectation of privacy in the contents of the garbage bag. Our conclusion in these respects is based, in part, upon *State* v. *Freeman* (1980), 64 Ohio St. 2d 291 [18 O.O.3d 472], the second paragraph of the syllabus of which reads as follows:

"A defendant has no standing under the Fourth Amendment to the United States Constitution to object to a search and seizure of property that has been voluntarily abandoned."

It has been said that the matter of abandonment raises a question primarily of intent, and that intent should be determined from all the relevant circumstances, including words spoken, acts done, and other objective facts. *United States* v. *Colbert* (C.A.5, 1973), 474 F.2d 174; *United States* v. *Manning* (C.A.5, 1971), 440 F.2d 1105; *United States* v. *Cowan* (C.A.2, 1968), 396 F.2d 83. Put in its simplest terms, the question is whether a person has voluntarily discarded, left behind, or otherwise relinquished his interest in property so that he can no longer retain a reasonable expectation of privacy with regard to it at the time of the search. *United States* v. *Edwards* (C.A.5, 1971), 441 F.2d 749.

In the case *sub judice,* Brown voluntarily discarded trash in the garbage bag and placed the bag at the curb on a public sidewalk so that it could be picked up by a municipal waste collection department. He admitted at the hearing in the court below that he did not want the trash anymore, and that he specifically intended for it to be taken away by the municipal authorities. Given this evidence, the trier of fact was entitled to conclude that Brown's intent was to

abandon the trash bag, and that he did, in fact, voluntarily discard and relinquish any interest in the property it contained.

We note, in addition, that this court has specifically held in accordance with a line of federal authorities that any reasonable expectation of privacy that may arguably have been present no longer exists once trash has been placed in a public area for collection. *State* v. *Coffin* (Sept. 8, 1982), Hamilton App. No. C-810779, unreported. See, also, *United States* v. *Shelby* (C.A.7, 1978), 573 F.2d 971; *Magda* v. *Benson* (C.A.6, 1976), 536 F.2d 111. In view of these pronouncements of the law, which have found recognition in this state, we are unwilling to be bound by *People* v. *Krivda* (1971), 5 Cal.3d 357, 96 Cal. Rptr. 62, 486 P.2d 1262, the California authority relied upon by Brown to support his argument that the search of the garbage was unconstitutional.[2]

Before moving on to the next aspect of the assignment of error, we should further note that our decision has not been colored by the existence of a municipal ordinance prohibiting any person from removing trash set out on a public street for collection except with the consent of the owner.[3] In our estimation, it is unreasonable to suggest that the intent in passing the ordinance was to impede law enforcement authorities in the performance of otherwise lawful investigative activities. To us, at least, it seems clear that the purpose of the

enactment extends no further than to serve the orderly and efficient removal of trash by the waste collection department. For this reason, and because it is well-established in evidentiary matters that the exclusionary rule is not, standing alone, triggered by a violation of state or local laws, we are convinced that the ordinance did not make the search of the garbage bag unreasonable in a constitutional sense. See *State* v. *Unger* (1981), 67 Ohio St. 2d 65 [21 O.O.3d 41]; *State* v. *Davis* (1978), 56 Ohio St. 2d 51 [10 O.O.3d 87]. See, also, *United States* v. *Vahalik* (C.A.5, 1979), 606 F.2d 99; *Magda* v. *Benson, supra.*

The second theory advanced by Brown to maintain his assertion that the motion to suppress should have been granted is premised upon the alleged absence of a factual basis sufficient to support the issuance of a search warrant for his apartment. Relying upon *United States* v. *Elliott* (S.D. Ohio 1984), 576 F. Supp. 1579, he contends that the discovery of the discarded contraband in the garbage bag was, standing alone, insufficient to support a finding of probable cause to search a specific apartment.

The authority cited by Brown strikes us as being unduly exacting and restrictive, even from the standpoint of the interests that the Fourth Amendment is designed to protect, and we elect not to give it controlling weight. In our view, the issue confronting us is whether there was, from the totality of the facts and circumstances set forth in

---

[2] In *Krivda,* the court stated that the placement of trash on the sidewalk for collection did not necessarily result in an abandonment of property, noting in addition to municipal ordinances restricting the right to collect trash that an additional element of expected privacy existed simply because one deposited property in a trash can to be dumped, destroyed and forgotten. 5 Cal. 3d at 366, 96 Cal. Rptr. at 68, 486 P.2d at 1268.

[3] Cincinnati Municipal Code Section 729-33 reads, in full, as follows:

"When waste has been set out in accordance with the division of waste collection regulations on a public street or alley for collection by the division of waste collection, no person shall remove any of such waste except with the consent of the owner. When waste has been set out in waste containers on private premises, no person shall remove any waste therefrom except with the consent of the owner or lessee of the premises."

the affidavit accompanying the request for the warrant, a reasonable likelihood that contraband would be found in the premises to be searched. See *Illinois* v. *Gates* (1983), 462 U.S. 213; *Texas* v. *Brown* (1983), 460 U.S. 730. The resolution of the issue, in turn, calls for us to adopt a common-sense approach and to take into account considerations that are largely practical and nontechnical. See *United States* v. *Cortez* (1981), 449 U.S. 411; *United States* v. *Ventresca* (1965), 380 U.S. 102; *Brinegar* v. *United States* (1949), 338 U.S. 160.

With this in mind, we are convinced that the affidavit in the case *sub judice* provided sufficient grounds for the issuance of the search warrant. As we have already noted, it set forth all the relevant developments in the officers' investigation, culminating with the field-testing of the substance found in the garbage bag. Given the existence of marijuana in the bag, the positive results of the field test, the manner in which residue was found in a number of smaller plastic bags, and the other items connecting the contents of the garbage bag to Brown, we think it fair to say from the totality of the facts and circumstances that there was, at the time the warrant was issued, probable cause to believe that a controlled substance such as marijuana would be found in Brown's apartment. For this reason, and in view of our previous determination that the manner in which the garbage bag was initially confiscated and searched did not violate Brown's constitutional rights, we must conclude that his motion to suppress was properly denied. The assignment of error is, therefore, without merit.

The judgment of the court of common pleas is hereby affirmed.

*Judgment affirmed.*

SHANNON, P.J., PALMER and BLACK, JJ., concur.