This is an appeal from a judgment of conviction and sentence entered by the Lawrence County Municipal Court finding Michael L. Moore, defendant below and appellant herein, guilty of operating a motor vehicle while the alcohol concentration in his body was in excess of ten-hundredths (.10) of one gram per two hundred ten (210) liters of breath as proscribed by R.C.4511.19(A)(3). The following error is assigned for our review:
 "THE COURT BELOW ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS WHERE THE FIELD SOBRIETY TESTS DID NOT ESTABLISH PROBABLE CAUSE FOR HIS ARREST."
The record reveals the following facts pertinent to this appeal. In the early morning hours of August 19, 1998, Ohio State Patrol Trooper James Hutton observed appellant driving southbound on State Route 7 out of Chesapeake, Ohio. The officer observed appellant passing a truck on the left, without signaling, and then running "up on the rear of another pickup." After stopping and approaching the vehicle, Trooper Hutton noticed a strong odor of alcohol. Appellant stated that he had just come from the "Eagles" where he consumed three (3) beers. Trooper Hutton then asked appellant to perform a number of field sobriety tests and, after receiving mixed results, placed him under arrest. At the patrol post, appellant's BAC Datamaster (breath test) revealed .129 grams of alcohol per two hundred ten (210) liters of breath. A Uniform Traffic Citation was issued charging appellant with violation of R.C. 4511.19
(A)(3).[1]
Appellant filed a joint motion to suppress/dismiss wherein he argued that, after the initial stop and investigation of the scene, Trooper Hutton "did not have a reasonable suspicion that [he] was under the influence of alcohol" and that he should not have arrested him. The matter came on for hearing on September 25, 1998, at which time Trooper Hutton testified that appellant had exhibited four (4) out of six (6) "clues" for alcohol consumption on the horizontal gaze nystagmus test (hereinafter referred to as "HGN"), stumbled during the "walk and turn" test and failed a test performed with a portable breath machine (hereinafter referred to as "PBT"). Trooper Hutton conceded, however, that appellant had "done pretty good" on "balance and coordination" tests and performed "fairly well" on the one legged stand despite some swaying. The trial court denied the motion to suppress/dismiss on October 13, 1998.
Appellant eventually entered a plea of "no contest" and the trial court found him guilty as charged. The trial court sentenced appellant to twenty (20) days in the Lawrence County Jail, to be suspended upon completion of an appropriate program, and ordered appellant to pay a $360 fine plus court costs. Judgment to that effect was entered on October 26, 1998, and this appeal followed.[2]
It should be noted at the outset that appellate review of a ruling on a motion to suppress evidence presents mixed questions of law and fact. See United States v. Martinez (C.A. 11 1992), 949 F.2d 1117, 1119; United States v. Mejia (C.A.9 1991), 953 F.2d 461, 464-465; United States v. Wilson (C.A.11 1990), 894 F.2d 1245, 1254. A trial court assumes the role of trier of fact during proceedings on such motions. State v.Payne (1995), 104 Ohio App.3d 364, 367, 662 N.E.2d 60; State v.Robinson (1994), 98 Ohio App.3d 560, 570, 649 N.E.2d 18; Statev. Rossiter (1993), 88 Ohio App.3d 162, 166, 623 N.E.2d 645. The evaluation of evidence and credibility of witnesses during those proceedings are issues to be determined by the trial court. State v. Smith (1997), 80 Ohio St.3d 89, 105,684 N.E.2d 668; State v. Brooks (1996), 75 Ohio St.3d 148, 154,661 N.E.2d 1030; State v. Fanning (1982), 1 Ohio St.3d 19, 20,437 N.E.2d 583. Factual findings by the court are to be accepted by us unless they are "clearly erroneous." State v. Long (Apr. 22, 1998), Ross App. No. 96CA2196, unreported; State v. Babcock
(Feb. 13, 1997), Washington App. No. 95CA40, unreported; alsosee United States v. Lewis (C.A.1 1994), 40 F.3d 1325, 1332. That is to say that a reviewing court is bound to accept the factual determinations of a trial court during a suppression hearing so long as they are supported by competent and credible evidence. State v. Harris (1994), 98 Ohio App.3d 543, 546,649 N.E.2d 7; State v. Claytor (1993), 85 Ohio App.3d 623, 627,620 N.E.2d 906; also see State v. DePalma (Jan. 18, 1991), Ross App. No. 1633, unreported. The application of the law to those facts, however, is then subject to de novo review.Harris, supra at 546, 649 N.E.2d at 7; State v. Anderson
(1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034; also seeLewis, supra 1332; Wilson, supra at 1254. With these principles in mind, we turn our attention to the merits of this appeal.
Appellant argues in his assignment of error that Trooper Hutton did not have probable cause to arrest him for a violation of R.C. 4511.19 and that the trial court erred in overruling his motion to suppress/dismiss. We disagree.
Probable cause exists when the facts and circumstances within the arresting officer's knowledge is sufficient to warrant a man of reasonable caution in the belief that an offense has been committed. Draper v. United States (1959), 358 U.S. 307,313; also see Huber v. O'Neil (1981), 66 Ohio St.2d 28, 30,419 N.E.2d 10, 12; State v. Timson (1974), 38 Ohio St.2d 122,311 N.E.2d 16 at paragraph two of the syllabus. In determining whether a police officer had probable cause to arrest an individual for violating R.C. 4511.19, we employ a "totality of the circumstances" approach. See State v.Medcalf (1996), 111 Ohio App.3d 142, 147, 675 N.E.2d 1268,1271; State v. McCaig (1988), 51 Ohio App.3d 94,554 N.E.2d 925, 926; Atwell v. State (1973), 35 Ohio App.2d 221, 226-227,301 N.E.2d 709, 713. An arrest for driving under the influence will be upheld so long as it is supported inter alia by the arresting officer's observations of indicia of alcohol consumption. Medcalf, supra at 147-148,675 N.E.2d at 1271; State v. Van Fossen (1984), 19 Ohio App.3d 281, 283,484 N.E.2d 191, 193; State v. Taylor (1981), 3 Ohio App.3d 197,198, 444 N.E.2d 481, 482. We readily conclude from the circumstances at issue herein that Trooper Hutton had sufficient probable cause to arrest appellant for violation of R.C. 4511.19.
The uncontroverted evidence adduced below revealed that appellant had a strong odor of alcohol about his person, admitted to drinking three (3) beers while at the "Eagles," scored four (4) out of six (6) on the HGN[3], stumbled on the "walk and turn" test and failed the PBT. All of this was clearly sufficient to give Trooper Hutton a reasonable belief that appellant was under the influence of alcohol. Probable cause therefore existed to arrest appellant for suspicion of violating R.C. 4511.19.
Appellant counterargues that Trooper Hutton detected neither slurred speech nor glassy, bloodshot, eyes and found no alcohol containers in the car or evidence of drug use. He also cites us to Trooper Hutton's testimony at the suppression hearing that appellant "done pretty good" on the balance and coordination test and "fairly well" on the one leg stand test. Appellant concludes that, in light of these circumstances, probable cause "was not properly developed." We are not persuaded. This Court has considered, and rejected, similar arguments in the past.See e.g. Medcalf, supra at 148, 675 N.E.2d at 1271
(satisfactory performance on sobriety tests at police station did not negate indicia of intoxication observed at time of the initial stop); State v. Chelikowsky (Aug. 18, 1992), Pickaway App. No. 91CA27, unreported (rejecting a proposed "tit-for-tat" theory that satisfactory performance on some field sobriety tests counteracted negative performances on others); State v.Simmons (Aug. 3, 1990), Washington App. No. 89CA18, unreported (satisfactory performance on some coordination tests is only a factor to consider in the totality of the circumstances). We adhere to those same principles, again, in this case.
Appellant's satisfactory performance on two (2) of the field sobriety tests does not negate his performance on the HGN, PBT or "walk and turn test." Likewise, the absence of slurred speech, bloodshot eyes or alcohol containers in the car did not require Trooper Hutton to disregard either appellant's odor of alcohol or his admission that he had consumed three (3) beers that evening. A finding of "probable cause" must be based on the totality of the circumstances. Indicia of sobriety certainly factor into that equation but they are not the only things to be considered.
The trial court reviewed the evidence adduced at the suppression hearing and apparently concluded that the totality of the circumstances gave Trooper Hutton probable cause to arrest appellant for violation of R.C. 4511.19. We find no error with that conclusion and, accordingly, we overrule appellant's assignment of error. The judgment of the trial court is thus affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion
For the Court
 BY: ___________________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Appellant was also charged with failure to wear a seat belt in violation of R.C. 4513.263.
[2] Appellant was also found guilty of the seat belt violation and given a $25 fine plus costs.
[3] The Ohio Supreme Court has noted that "[a] score of four or more points[on the HGN] indicates a BAC level above .10 percent."See State v. Bresson (1990),51 Ohio St.3d 123, 126, 554 N.E.2d 1330, 1333. We recognize, of course, that even though HGN results are admissible as probative evidence of intoxication, an officer may not testify as to how that result would correlate to an actual BAC level.Id. at 129, 554 N.E.2d at 1336. The Ohio Supreme Court has noted that a number of "due process problems" arise when an officer attempts to assign a numerical value to a driver's HGN performance. Id.