DECISION AND JUDGMENT ENTRY
Defendant-Appellant, Mark Vaughn, timely appeals the Hocking County Municipal Court's denial of his motion to suppress, as well as certain actions of the trial court at the appellant's plea hearing where appellant withdrew his not guilty plea and entered a plea of no contest. We find no error by the trial court that merits a reversal of that court's ruling on the suppression motion or its guilty finding upon appellant's no contest plea. Consequently, we affirm the judgment of the trial court.
STATEMENT OF THE CASE AND FACTS
On August 29, 1999, at 10:06 p.m., appellant was proceeding northbound on State Route 278, in the Village of Carbon Hill, Hocking County, Ohio. Appellant drove his motorcycle through a bridge construction zone, passing between two staggered signs, which read "Road Closed." Deputy Graham, of the Hocking County Sheriff's Department, observed appellant pass between the "Road Closed" signs, while driving toward him.
The deputy, who was facing the oncoming motorcycle, turned on his overhead flashing lights to signal appellant to stop. Appellant did not stop and the deputy pursued appellant with both the flashing lights and siren of his cruiser turned on. During the chase, appellant's speed did not exceed the posted limit, but he did, at one point, lose control of his motorcycle and leave the roadway. After some miles of pursuit, appellant stopped and was arrested by the deputy.
At the time in question, an agreement apparently existed between the businesses and residents of Carbon Hill and the Ohio Department of Transportation regarding vehicle travel through this construction zone. That agreement provided that patrons of the business within the construction zone, the Bridge Inn, and Carbon Hill residents whose homes were also in the construction zone, would be permitted to use the closed road and bridge to access their homes and the business. Appellant was not a resident of Carbon Hill, nor was any evidence presented that he was a patron of the Bridge Inn on this night.
On August 30, 1999, appellant was arraigned on four charges:
 1) fleeing and eluding a police officer after a signal to stop and causing substantial risk of physical harm to persons or property, a fourth-degree felony, in violation of R.C. 2921.331(B) and (C)(3);
 2) operating a motor vehicle while intoxicated, in violation of R.C. 4511.19(A)(1);
 3) driving upon a closed highway, in violation of R.C. 4511.71; and
4) reckless operation, in violation of R.C. 4511.20.
On September 7, 1999, a preliminary hearing was held on the felony charge of fleeing and eluding, under R.C. 2921.331(B) and (C)(3), resulting in a dismissal of the charge by the Hocking County Municipal Court for lack of probable cause.
On September 9, 1999, appellant filed a motion to suppress any statements made to police by him during the stop, any observations made by the police during the stop, any evidence gained from appellant's vehicle, and any other evidence indirectly gained through the stop. A hearing was held on this motion on October 18, 1999. Both the state and appellant filed briefs with the trial court on the issue of whether the deputy's stop of appellant was unlawful. A second hearing on the motion was held on December 1, 1999, and the court's denial of the motion was filed on December 20, 1999.
On December 10, 1999, after the second hearing on appellant's motion to suppress and prior to the trial court's ruling on that motion, an amended complaint was filed against appellant for fleeing and eluding a police officer after a signal to stop, a first-degree misdemeanor, in violation of R.C. 2921.331(B). On March 8, 2000, the trial court conducted a plea hearing. Pursuant to a plea agreement with the state, appellant entered a plea of no contest to the misdemeanor charge of failure to comply, and all the remaining charges were dismissed.
During the plea hearing, the trial court apparently required appellant "to stipulate to facts sufficient for a finding of guilty of the charge before the trial court would grant Defendant-Appellant leave to enter a plea of No Contest." On March 8, 2000, the trial court found appellant guilty of the charge and imposed sentence.
A timely notice of appeal was filed on March 14, 2000, and an entry of conviction, nunc pro tunc, was filed on March 17, 2000. On July 14, 2000, a motion to supplement the record was filed, and the parties stipulated to the court's off-the-record prerequisite to granting appellant leave to change his plea to one of no contest. In his appeal, appellant presents the following assignments of error for our review:
FIRST ASSIGNMENT OF ERROR:
 DID THE TRIAL COURT COMMIT REVERSIBLE ERROR WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS?
 SECOND ASSIGNMENT OF ERROR:
 DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN THAT IT REFUSED TO ACCEPT DEFENDANT-APPELLANT'S PLEA OF NO CONTEST WITHOUT DEFENDANT-APPELLANT STIPULATING TO FACTS REQUIRED FOR A FINDING OF GUILT?
 I.
The appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. See United States v. Martinez (C.A.11 1992), 949 F.2d 1117, 1119; United States v. Mejia (C.A.9 1991),953 F.2d 461, 464-465; United States v. Wilson (C.A.11 1990),894 F.2d 1245, 1254. A trial court assumes the role of trier of fact during proceedings on a motion to suppress. See State v. Payne (1995),104 Ohio App.3d 364, 367, 662 N.E.2d 60, 61-62; State v. Robinson
(1994), 98 Ohio App.3d 560, 570, 649 N.E.2d 18, 25; State v. Rossiter
(1993), 88 Ohio App.3d 162, 166, 623 N.E.2d 645, 648. The evaluation of evidence and credibility of witnesses during such proceedings are issues to be determined by the trial court. See State v. Smith (1997),80 Ohio St.3d 89, 105, 684 N.E.2d 668, 685; State v. Brooks (1996),75 Ohio St.3d 148, 154, 661 N.E.2d 1030, 1037; State v. Fanning (1982),1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584. A court's factual findings are to be accepted unless they are "clearly erroneous." State v. Babcock
(Feb. 13, 1997), Washington App. No. 95CA40, unreported; see, also,United States v. Lewis (C.A.1 1994), 40 F.3d 1325, 1332. That is to say that a reviewing court is bound to accept the factual determinations of a trial court during a suppression hearing so long as they are supported by competent and credible evidence. See State v. Harris (1994),98 Ohio App.3d 543, 546, 649 N.E.2d 7, 9; State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908; see, also, State v.DePalma (Jan. 18, 1991), Ross App. No. 1633, unreported.
However, the application of the law to those facts is subject to a denovo standard of review. Harris, supra; State v. Anderson (1995),100 Ohio App.3d 688, 691, 654 N.E.2d 1034, 1036; see, also, Lewis andWilson, supra. This de novo review will determine whether the trial court correctly applied the law. See id. With the proper standard of review established, we now turn to the arguments presented in appellant's briefs.
Appellant presents three bases why the trial court's denial of his motion to suppress was in error. First, appellant argues that the trial court's determination that a motorist has an absolute duty to stop at a police officer's signal is contrary to law. Second, appellant argues that it was reversible error for the court to require the parties to brief the state of the law of R.C. 2921.331(A) and then proceed based on R.C.2921.331(B). Third, appellant argues that the trial court's denial of his motion to suppress was against the manifest weight of the evidence. We address these arguments in an order more conducive to our analysis.
 A.
We are bound to accept the factual determinations of a trial court during a suppression hearing so long as they are supported by competent and credible evidence. See Harris, Claytor, and DePalma, supra. Therefore, we must compare the trial court's factual findings in its denial of the motion to suppress with the evidence in the record.
The trial court made the following factual findings based on the testimony presented at the motion to suppress hearings:
 1) On August 29, 1999, at approximately 10:00 p.m., appellant was operating his motorcycle on State Route 278 in Hocking County, Ohio, near the Bridge Inn.
 2) At the same time, Deputy Graham was on routine traffic patrol in a marked Sheriff's cruiser, in Carbon Hill, and observed appellant's single headlight approach him, across a bridge which had a "Road Closed" sign upon it.
 3) Deputy Graham turned on his cruiser's light bar in an attempt to stop appellant. Appellant did not stop or obey the deputy's signal, and the deputy pursued appellant, with the cruiser's lights and sirens on, for a distance of approximately three miles. The chase speed was approximately fifty m.p.h., which was not in excess of the posted limit, but was unsafe for the particular road conditions since the road was partially graveled.
 4) At one point, appellant drove his motorcycle off the road, toward the woods and treeline, but then returned to the roadway and stopped his vehicle. Deputy Graham then placed appellant under arrest for failing to comply with the order of an officer and other charges.
 5) The owner of the Bridge Inn, Denver Pickett, testified that the establishment was open for business on the date and time in question, and that the bridge over which appellant was driving that night was a proper road for entering and leaving the establishment. The owner further testified that he had complained to the Hocking County Sheriff's Office about his patrons being stopped for using the bridge.
 6) The patrons of the Bridge Inn could properly use the closed bridge and roadway, but no evidence was presented that appellant was a patron of the establishment on the night in question.
These factual findings are all supported by some competent, credible evidence.
The transcripts of the proceedings establish the bases of the trial court's factual findings, through the testimony of Deputy Graham and the owner of the Bridge Inn, Denver Pickett. Deputy Graham testified regarding his observation of appellant on his motorcycle, the deputy's attempt to stop appellant, appellant's failure to stop, and the ensuing chase. Denver Pickett testified about his establishment being open on August 29, 1999, and the use of the closed roadway and bridge to access his business.
Since the findings of the lower court are supported by competent, credible evidence, this court is bound to accept those findings. SeeHarris, Claytor, and DePalma, supra.
 B.
As previously noted, we are bound to accept the factual determinations of a trial court during a suppression hearing so long as they are supported by competent and credible evidence. See Harris, Claytor, andDePalma, supra. However, the application of the law to those facts is subject to a de novo standard of review. See Harris, supra; State v.Anderson, 100 Ohio App.3d at 691, 654 N.E.2d at 1036; see, also, Lewis
and Wilson, supra. We have already determined that the factual determinations of the lower court are supported by competent and credible evidence and, therefore, not clearly erroneous. We now turn to the application of the law to those factual determinations.
Appellant argues that he had no duty to stop when the deputy initially turned on his cruiser's flashing lights, since that signal or order to stop was unlawful. Appellant relies on Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, as the basis for his argument. According to appellant, perTerry, the order to stop was unlawful because the deputy had no reasonable, articulable suspicion that a crime was or had been committed, since it was known by the sheriff's office that the bridge and roadway were open to patron and resident motorists. Inasmuch as the initial order to stop was unlawful, appellant argues that he had no duty to comply with that order, and all the information gained and observations made by the arresting deputy following the order to stop should be suppressed. We find that appellant's reliance on Terry is misplaced, as subsequent decisions of the United States Supreme Court and the Supreme Court of Ohio are more consistent with the facts in this case.
The United States Supreme Court has stated that the Fourth Amendment to the United States Constitution applies to cases involving motor vehicle stops by police.
The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.
Whren v. United States (1996), 517 U.S. 806, 809-810, 116 S.Ct. 1769,1772 (citations omitted). See, also, Delaware v. Prouse (1979),440 U.S. 648, 99 S.Ct. 1391; United States v. Martinez-Fuerte (1976),428 U.S. 543, 96 S.Ct. 3074; United States v. Brignoni-Ponce (1975),422 U.S. 873, 95 S.Ct. 2574; Pennsylvania v. Mimms (1977), 434 U.S. 106,98 S.Ct. 330 (per curiam).
The Supreme Court of Ohio has held that any minor traffic violation may be a reasonable basis for stopping a motor vehicle. See Dayton v.Erickson (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091.
Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity. (United States v. Ferguson [C.A.6, 1993], 8 F.3d 385 applied and followed.)
Id. at syllabus.
In the case sub judice appellant was observed driving his motorcycle through a construction zone that was marked closed, a violation of R.C.4511.71. However, the factual findings of the lower court, which are supported by the record, assert that the sheriff's office was aware that patrons of the Bridge Inn were permitted to use the closed bridge and roadway. But, no evidence was produced to show that the officer knew appellant was a patron of the inn. Unless the deputy had observed appellant exiting the establishment, which he did not, he had no means to determine that appellant was a patron of the inn without stopping him and asking. Therefore, the deputy's initial order to appellant to stop was supported by probable cause and was, therefore, reasonable and lawful under Whren and Erickson. The motion to suppress was properly denied.
We note appellant's argument that the trial court's determination that motorists have an absolute duty to stop under R.C. 2921.331(B) was in error. However, since we have found that the initial attempt to stop appellant was founded on probable cause that a traffic violation had occurred and that the motion to suppress was properly denied, it is unnecessary for us to address this argument.
 C.
Appellant also argues that the trial court erred by having the parties brief R.C. 2921.331(A) and then proceeding on the grounds of R.C.2921.331(B). Appellant was charged under section (B) of the statute and not (A), and counsel was aware of this. When appellant was told to brief section (A), he should have pointed out to the court the discrepancy. Also, although the court requests briefs, it is not bound or limited to the contents of those briefs.
In any event, even if the trial court erred by requesting briefs on a section appellant was not charged under, this error was in no way prejudicial to appellant, as the prosecution received the same instruction from the court. Therefore, we find this argument to be without merit.
Appellant's First Assignment of Error is, therefore, OVERRULED.
 II.
In appellant's Second Assignment of Error, he asserts that the trial court committed reversible error by requiring appellant to stipulate to facts that would necessitate a guilty finding.
In felony cases and misdemeanor cases which can result in confinement, Crim.R. 11 requires the trial court to follow certain specified procedures prior to accepting a guilty plea or a plea of no contest. SeeCity of Cleveland v. Wanzo (1998), 129 Ohio App.3d 664, 718 N.E.2d 982. Those procedures are the same, regardless of whether the plea made is one of no contest or guilty. See State ex rel. Stern v. Mascio (1996),75 Ohio St.3d 422, 662 N.E.2d 370. Although literal compliance with the rule is preferred, substantial compliance is what is required. See Statev. Caplinger (1995), 105 Ohio App.3d 567, 664 N.E.2d 959.
The Supreme Court of Ohio has stated that Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made.
State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476
(citations omitted).
While a plea of guilty is a complete admission of the defendant's guilt, a plea of no contest is not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint. Crim.R. 11(B)(1) and (2). The trial court thus possesses discretion to determine whether the facts alleged in the indictment, information, or complaint are sufficient to justify conviction of the offense charged. See Stern, supra. However, a defendant who pleads no contest to a misdemeanor has a substantive right to be acquitted where the state's statement of facts fails to establish all of the elements of the offense. See State v. Gilbo (1994), 96 Ohio App.3d 332,337, 645 N.E.2d 69, 72, citing Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 150, 459 N.E.2d 532, 534-535.
Appellant argues that by requiring appellant to stipulate to facts that would support a guilty finding before granting leave for him to change his plea of guilty to one of no contest, the trial court effectively eliminated appellant's substantive right to be acquitted if the state's statement of facts failed to establish all the elements of the crime with which appellant was charged. While the stipulation may not have technically complied with the precise terminology contained in Crim.R. 11 and R.C. 2937.07, any error committed by the trial court in this regard is nothing more than harmless in the case sub judice, since, upon entering the plea, the statement of facts provided by the prosecution was sufficient for a guilty finding on appellant's no contest plea.
Also, appellant was before the court to enter his plea based on a plea bargain reached with the prosecution. Pursuant to the agreement, appellant entered a plea of no contest to the charge of fleeing and eluding a police officer after a signal to stop, a first-degree misdemeanor, in violation of R.C. 2921.331(B), while the other three charges of operating a motor vehicle while intoxicated, in violation of R.C. 4511.19(A)(1); driving upon a closed highway, in violation of R.C.4511.71; and reckless operation, in violation of R.C. 4511.20, were dismissed upon motion of the state. The court had the authority to approve or disapprove the plea bargain.
Appellant's plea of no contest was going to be made even had the stipulation not been required before going on the record. Also, even if the trial court's procedure was deemed reversible, since the stipulation off the record regarding this procedure was not objected to, on the record, in the proceedings below, it has been waived for purposes of appellate review.
Appellant's Second Assignment of Error is hereby OVERRULED.
 JUDGMENT AFFIRMED. JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the HOCKING COUNTY MUNICIPAL COURT to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Abele, P.J., and Kline, J. Concur in Judgment Only.