[Cite as *State v. Robinson*, 2011-Ohio-6639.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 10 CO 37 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DUSTIN M. ROBINSON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:       Criminal Appeal from Common Pleas
                                Court, Case No. 09 CR 173.


JUDGMENT:                       Affirmed.

APPEARANCES:
For Plaintiff-Appellee:          Attorney Robert L. Herron
                                 Prosecuting Attorney
                                 Attorney John Gamble
                                 Asst. Prosecuting Attorney
                                 105 S. Market Street
                                 Lisbon, OH 44432


For Defendant-Appellant:         Attorney Damian A. Billak
                                 City Centre One
                                 100 Federal Plaza East, Suite 101
                                 Youngstown, OH 44503



JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                 Dated: December 12, 2011

DeGenaro, J.

{¶1} Defendant-Appellant, Dustin Robinson, appeals the October 20, 2010 judgment of the Columbiana County Court of Common Pleas convicting him of four counts of drug possession, following a no contest plea. On appeal, Robinson argues that the trial court erred by denying his motion to suppress because the affidavit upon which the search warrant was based contained stale, unreliable information and therefore failed to establish probable cause that there was ongoing drug activity occurring at Robinson's residence.

{¶2} Upon review, Robinson's assignment of error is meritless. The affidavit in support of the search warrant sets forth probable cause for the search, namely, information received from several informants corroborated by drug residue and other evidence of drug activity pulled from Robinson's trash during the month immediately preceding the issuance of the search warrant. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} On December 12, 2008, the Columbiana County Court of Common Pleas issued a search warrant for Robinson's residence in East Liverpool. The search warrant was supported by an affidavit of Officer Patrick Wright, an East Liverpool Police Officer assigned to the Drug Enforcement Administration Task Force. That same day, law enforcement officers executed the search warrant, which yielded a myriad of controlled substances and other evidence of drug activity.

{¶4} As a result, Robinson was indicted on four charges: (1) of possession of methylenedioxymethamphetamine (aka MDMA or ecstasy) where the amount of the drug involved equals or exceeds five times the bulk amount but is less than 50 times the bulk amount, a second-degree felony pursuant to R.C. 2925.11(A) and (C)(1)(c); (2) possession of marijuana where the amount equal or exceeds 1000 grams but is less than 5000 grams, a third-degree felony pursuant to R.C. 2925.11(A) and (C)(3)(d); (3) possession of trembolone acetate (a Schedule III steroid) where the amount equals or exceeds the bulk amount but is less than five times the bulk amount, a fourth-degree

felony pursuant to R.C. 2925.11(A) and (C)(2)(b); and (4) possession of psilocybin (Schedule I hallucinogenic mushrooms), a fifth degree felony pursuant to R.C. 2925.11(A) and (C)(1)(a).

{¶5} Robinson pleaded not guilty and retained counsel. On March 17, 2010, he filed a motion to suppress all evidence obtained from the search, claiming that the affidavit in support of the search warrant was devoid of reliable information and therefore failed to demonstrate probable cause. The search warrant and accompanying affidavit were attached to the motion to suppress. The trial court denied the motion. Robinson then entered a no contest plea to the charges in the indictment. He was subsequently sentenced to an aggregate prison term of four years, a six-month driver's license suspension, and a lifetime weapons disability. Robinson filed a timely notice of appeal with this court on October 16, 2010. The trial court denied a stay pending appeal. This court also denied Robinson's motion for stay and request for appeal bond.

## Validity of the Search Warrant

{¶6} In his sole assignment of error, Robinson asserts:

{¶7} "The trial court erred when it overruled Appellant Dustin Robinson's motion to suppress evidence in violation of the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution where the search warrant was invalid since the main source of information affidavit [sic] upon which it was based contained stale information which failed to establish probable cause to believe that there was ongoing drug activity occurring at the place to be searched."

{¶8} R.C. 2933.22(A) provides, "[a] warrant of search or seizure shall issue only upon probable cause, supported by oath or affirmation particularly describing the place to be searched and the property and things to be seized."

{¶9} Furthermore, R.C. 2933.23 states:

{¶10} "A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly describes the place to be searched, names or describes the person to be searched, and names or describes the property to be searched for and seized; that states substantially the offense in relation to the property

and that the affiant believes and has good cause to believe that the property is concealed at the place or on the person; and that states the facts upon which the affiant's belief is based. * * * If the judge or magistrate is satisfied that grounds for the issuance of the warrant exist or that there is probable cause to believe that they exist, he shall issue the warrant, identifying in it the property and naming or describing the person or place to be searched." See, also, Crim. R. 41(C).

{¶11} When determining whether an affidavit submitted in support of a search warrant contains sufficient probable cause, the judge or magistrate is to make "a practical, common-sense decision" whether, given all the circumstances set forth in the affidavit, including the "veracity" and "basis of knowledge" of the persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, at paragraph one of the syllabus (*Illinois v. Gates* [1983], 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 followed.)

{¶12} When reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, neither the trial court nor the appellate court should substitute its judgment for the magistrate's judgment. Id. at paragraph two of the syllabus. Instead, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id. Reviewing courts should accord great deference to the magistrate's probable cause determination, and doubtful or marginal cases should be resolved in favor of upholding the warrant. Id.

{¶13} Robinson contends that the information contained in the affidavit was stale and uncorroborated. He notes that the affiant relies on information supplied by informants related to alleged drug activity that took place in 2005 and 2007 to support a warrant issued in December, 2008. However, Robinson's argument ignores the fact that the affidavit was also based upon evidence officers obtained from four trash pulls from his residence, conducted within one month of the warrant request. This negates any staleness issue.

{¶14} An affidavit in support of a search warrant must present timely information

and include facts so closely related to the time of issuing the warrant as to justify a finding of probable cause at that time. *State v. Hollis* (1991), 98 Ohio App.3d 549, 554, 649 N.E.2d 11, citing *State v. Jones* (1991), 72 Ohio App.3d 522, 526, 595 N.E.2d 485. " 'While there is no arbitrary time limit on how old information can be, the alleged facts must justify the conclusion that the subject contraband is probably on the person or premises to be searched.' " Id., quoting *Jones*, 72 Ohio App.3d at 526. If a substantial period of time has passed between the commission of the crime and the search, the affidavit must contain facts that would lead the magistrate to believe that the evidence or contraband are still on the premises before the magistrate may issue a warrant. *State v. Yanowitz* (1980), 67 Ohio App.2d 141, 147, 426 N.E.2d 190. In determining whether the information contained in the affidavit is stale, courts should consider such factors as (1) the character of the crime; (2) the criminal; (2) the thing to be seized, as in whether it is perishable and easily transferable or of enduring utility to its holder; (4) the place to be searched; and (5) whether the information in the affidavit relates to a single isolated incident or protracted ongoing criminal activity. *State v. Pritt*, 7th Dist. No. 06-CO-30, 2007-Ohio-6925, at ¶16, citing *State v. Prater*, 12th Dist. No. CA2001-12-114, 2002-Ohio-4487, at ¶13.

{¶15} The affidavit here relies, in part, on information from two informants. First, officers, including the affiant, interviewed Jason Eckles, with his attorney present, on March 16, 2005, following a search of Eckles' residence which turned up a large quantity of MDMA and marijuana. Eckles stated that he obtained those drugs from Robinson, who lived in the "East end" area of East Liverpool, and that Robinson obtained his supply of MDMA from a man known as "Budda" from Midland, Pennsylvania. The affiant and other officers knew "Budda" to be Malcolm Niles Cobb from Alliquippa, Pennsylvania, who has an extensive criminal record in that State, including drug possession. Second, pursuant to a federal proffer agreement, officers interviewed Nathan Schonhut, with his attorney present, on September 10, 2008, three months before the warrant request. Schonhut was incarcerated in the Columbiana County jail on five counts of conspiracy to deliver MDMA. He stated that he had purchased MDMA pills from Robinson at least 20 times

and marijuana from him at least 8 times, and that he stopped dealing with Robinson in the summer of 2007.

{¶16} However, the statements of the informants, one of which was taken only three months before the warrant request, were corroborated by evidence gleaned from four trash pulls conducted during the month immediately preceding the warrant request.

{¶17} Specifically, on November 12, 2008, at 5:25 a.m., the affiant and other officers removed two trash bags from the rear of Robinson's East end residence, which had been placed on the right of way in a manner consistent with trash collection and with other homes in the area. Inside the bags, the officers found: numerous plastic bags with the corners cut off (pinch-offs); a napkin containing marijuana residue; a hypodermic needle and a vial containing a small amount of an illegal steroid known as Test 400. Officers also recovered two documents addressed to Robinson with no address listed on the documents.

{¶18} On November 19, 2008, at 5:20 a.m., the affiant and other officers conducted another trash pull of discarded refuse near Robinson's residence in the same manner as before. They discovered a document addressed to Dustin Robinson at that residence (1734 Pennsylvania Avenue, East Liverpool, Ohio), along with a hand-written note addressed to Dustin.

{¶19} On November 26, 2008, at 5:20 a.m., the affiant and other officers again conducted a trash pull, where they recovered four Western Union money transfer documents from Dustin Robinson to Malcolm Cobb and Thomas J. Huddleson each for $400.00. They also recovered several clear plastic bags and pinch-offs, along with marijuana stems and residue.

{¶20} Finally, on December 10, 2008, officers conducted a trash pull in which they recovered two documents addressed to Dustin Robinson at 1734 Pennsylvania Avenue, East Liverpool, Ohio. They also found blue plastic wrap and other material, which, based on affiant's experience, were commonly used to package bulk marijuana. Field tests revealed that these materials contained marijuana residue. This trash pull was conducted just two days prior to the issuance of the warrant.

**{¶21}** Trash pulls are a legitimate means to corroborate statements made by informants and prove that drug activity is ongoing so as to establish probable cause for a search warrant. See *State v. Pustelnik*, 8th Dist. No. 91779, 2009-Ohio-3458, at ¶23-26. No warrant is needed to conduct the trash pulls themselves because there is no reasonable expectation of privacy in garbage voluntarily left for trash collection in an area which is susceptible to open inspection and "[a]ccessible to animals, children, scavengers, snoops, and other members of the public." *California v. Greenwood* (1988), 486 U.S. 35, 40, 108 S.Ct. 1625, 1628-1629, 100 L.Ed.2d 30, 36-37. See, also, *State v. Brown* (1984), 20 Ohio App.3d 36, 20 OBR 38, 484 N.E.2d 215. Courts have held that even a single trash pull conducted just prior to the issuance of the warrant corroborating anonymous tips and background information involving drug activity will be sufficient to establish probable cause. See *Pustelnik*, supra; *State v. Akers*, 12th Dist No. CA2007–07–163, 2008-Ohio-4164; *State v. Young*, 12th Dist. No. CA2005-08-074, 2006-Ohio-1784.

**{¶22}** Here, the trash pulls corroborated the informants' statements that Robinson dealt drugs. In three out of four of the trash pulls, officers discovered illegal drugs, including marijuana and steroids. From the last trash pull, officers discovered packaging materials with marijuana residue which could be evidence of possession of a large amount of the drug. On two occasions, officers found documents addressed to Dustin Robinson at 1734 Pennsylvania Avenue, East Liverpool, Ohio, to corroborate that he in fact resided there. Finally, the Western Union transfer documents from Robinson to Malcolm Cobb, aka Budda, corroborated Eckles' statement that Robinson purchased MDMA from Cobb. Based on the information in the affidavit, the trial court had a substantial basis for concluding that probable cause existed.

**{¶23}** Robinson asserts that the trash pulls alone fail to provide the requisite support for the issuance of the search warrant, in a sense promoting a shotgun approach to the analysis. However, this argument fails because the focus of the probable cause inquiry is the *totality of the circumstances* presented in the affidavit, not each component standing alone. See *George*, 45 Ohio St.3d at 329, citing *Gates*, 462 U.S. at 238-239.

**{¶24}** In sum, there was probable cause to issue the search warrant, and Robinson's sole assignment of error is meritless. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Donofrio, J., concurs.